**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
:
MARISOL REYES, on behalf of herself and all    :
others similarly situated,                                        :
:
Plaintiff,                                :    Civil Action No.
:
vs.                                                                        :    **CLASS ACTION COMPLAINT AND**
:    **JURY TRIAL DEMAND**
RELIABLE COLLECTIONS aka RELIABLE    :
COLLECTION AGENCY, INC. and PUYA NILI, :
:
Defendants.                        :
:
——————————————————  X

Plaintiff MARISOL REYES (hereinafter "Plaintiff"), on behalf of herself and all

others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendants RELIABLE COLLECTIONS aka RELIABLE COLLECTION

AGENCY, INC. and PUYA NILI (collectively "Defendants"), their employees, agents,

and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Essex County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief Defendant RELIABLE

COLLECTIONS aka RELIABLE COLLECTION AGENCY, INC. ("Reliable") is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Fairfield, New Jersey.

9.      Based upon information and belief Defendant PUYA NILI, ESQ. is a New Jersey licensed attorney with offices located in Fairfield, New Jersey.

10.     Based upon information and belief, each Defendant is a company or business that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received post-judgment communications from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

•   All New Jersey consumers who were subject to post-judgment communications by each or both Defendants which included the alleged conduct and practices described herein.

•  The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•   Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who were subject to post-judgment communications by Defendants that violate specific provisions of the FDCPA. (*See* **Exhibits B and C,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendants violated various provisions of the FDCPA.

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

4

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Prior to August 16, 2017, Plaintiff allegedly incurred a financial obligation to Aaron Bail Bonds.

17.     The Aaron Bail Bonds obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.     The alleged Aaron Bail Bonds obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Aaron Bail Bonds is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     At some time prior to August 16, 2017, the Aaron Bail Bonds obligation became past due.

21.     On or about August 16, 2017, Defendants, on behalf of their client Aaron Bail Bonds, filed a lawsuit in the Superior Court of New Jersey, Essex County, Special Civil Part against Plaintiff Marisol Reyes and others to collect on a unpaid bail bond premium in a case entitled Aaron Bail Bomds v. Alvarado, et. al, ESX-DC-16792-17 ("the State Court Action").

22.     On or about March 22, 2018, a default judgment was entered against

6

Plaintiff and the others in the State Court Action for a judgment total amount of $662.40, including attorney's fees and costs.  A copy of the judgment postcard from the State Court Action is attached as Exhibit A.

23.    On or about May 1, 2019, Defendants submitted requested a Writ of Execution be issued in the State Court action for a judgment amount of $808.60.  A copy of the Writ of Execution Request is attached as Exhibit B.

24.    Exhibit B falsely represented that the judgment amount was $808.60, when in fact the judgment amount was actually $662.40.

25.    On June 5, 2019, Defendants levied on Plaintiff's Bank of America bank account in the amount of $958.76.

26.    On or about January 23, 2020, Defendants filed a Motion for Turn-Over of Funds.  The Certification in Support of Motion to Turn over Funds falsely indicated that judgment was entered on April 9, 2018 in the amount of $808.60, inclusive of court costs and attorney fees, although the actual judgment amount was only $662.40.  A copy of the Certification is attached as Exhibit C.

27.    Based upon Defendants' false Certification in Support of the Motion for Turnover, the Court issued an Order for Turnover in the amount of $958.76.  A copy of the Order for Turnover of Funds is attached as Exhibit D.

28.     The Turnover Order amount of $958.76 was in excess of the amount that Defendants were entitled to collect from Plaintiff.

29.    The Motion for Turnover and/or Request for Writ of Execution were sent or caused to be sent by a person employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     The Motion for Turnover and/or Request for Writ of Execution were each a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

32.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

33.     Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

34.     Defendants violated Plaintiff's right to a trustful and fair debt collection process.

35.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding his or her rights under the FDCPA.

36.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

37.     Defendants' collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding her rights under the FDCPA.

38.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

39.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

40.    As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

41.    Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

42.    The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

43.    Defendants' failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

44.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

45.    It is Defendants' policy and practice to send post-judgment communications, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in
        connection with the collection of a debt;

(b)    By making false representations of the character or legal status of a debt; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

46.    On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

47.    On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit C to at least 30 natural persons in the State of New Jersey.

## <u>COUNT I</u>

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

48.    Plaintiff repeats the allegations contained in paragraphs 1 through 47 as if the same were set forth at length.

49.    Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

50.    By filing the post-judgment communications described herein, Defendants violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
       March 19, 2020

                                 Respectfully submitted,

                   By: <u>s/ Lawrence C. Hersh</u>
                      Lawrence C. Hersh, Esq.
                      17 Sylvan Street, Suite 102B
                      Rutherford, NJ  07070
                      (201) 507-6300
                      *Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: March 19, 2020

                   By: <u>s/ Lawrence C. Hersh</u>
                   Lawrence C. Hersh, Esq

EXHIBIT A

```
ESSEX SPECIAL CIVIL PART             :
HALL OF RECORDS - ESSEX COUNTY       :
465 MARTIN LUTHER KING BLVD          :
NEWARK NJ 07102                      :
(973) 776-9300                       :
                        CV0285       : APRIL 09, 2018
CASE NUMBER:
  ESX DC-016792-17                   :
CREDITOR(S): AARON BAIL BONDS        :
DEBTORS(S):  CIASTON F               : PUYA J NILI
             REYES M                 : RELIABLE COLLECTIONS
             DE LA CRUZ R            : PO BOX 809
             ALVARADO J              :
             FLORES J                : WEST CALDWELL NJ
             TEJADA B                :
VJ NUMBER:   003930-18               :              07007
EFFECTIVE DATE: 03/22/2018           :
AMOUNT:       $   520.00             :
COST:             117.00             :
ATTORNEY FEE:      25.40             :
OTHER COST:         0.00             :
CREDITS:            0.00             :
JUDGMENT TOTAL: $  662.40            :
                                     :
```

EXHIBIT B

**AARON BAIL BONDS**
**155 Passaic Ave Suite 120**
**Fairfield, NJ 07004**
**Phone: (973) 782 – 5221 / Fax: (862) 210 - 3793**

Wednesday, May 01, 2019

ESSEX COUNTY SUPERIOR COURT
Special Civil Part – Post Judgment Team
50 West Market Street, Room 131
Newark, New Jersey 07102

| | | |
|---|---|---|
| Re: | **Aaron Bail Bonds v. Brunilda Tejada et al.** | |
| | Defendant: | **MARISOL REYES** |
| | Docket # | DC – 016792 - 17 |
| | Judgment # | 003930 - 18 |

To Whom It May Concern,

I represent the Plaintiff (Judgment-Creditor) in the above referenced matter. Pursuant to Rule 6:7-1(a), I am requesting that the Clerk issue a **Writ of Execution** against the goods and chattels of Defendant (Judgment-Debtor) **MARISOL REYES** for the purposes of satisfying the outstanding amount due. Furthermore, pursuant to Rule 6:7-1(a), I certify that the total amount due is comprised of the following:

| | | |
|---|---|---|
| Judgment: | $ | 808.60 |
| Credits: | $ | 0.00 |
| Post-Judgment Interest: | $ | 0.00 |
| TOTAL DUE: | $ | 808.60 |

Specifically, my client is seeking a bank levy against the assets of **MARISOL REYES** deposited in the following BANKS:

| | |
|---|---|
| Bank Name: | Wells Fargo Bank |
| Bank Address: | 765 Broad Street, Newark, NJ 07102 |
| | |
| Bank Name: | Bank of America |
| Bank Address: | 790 Broad Street, Newark, NJ 07102 |
| | |
| Bank Name: | PNC Bank |
| Bank Address: | 1140 Raymond Blvd, Newark, NJ 07102 |
| | |
| Bank Name: | TD Bank |
| Bank Address: | 105-109 Mulberry Street, Newark, NJ 07102 |
| | |
| Bank Name: | Chase Bank |
| Bank Address: | 744 Broad Street, Newark, NJ 07102 |
| | |
| Bank Name: | M&T Bank |
| Bank Address: | 60 Park Place, Newark, NJ 07102 |
| | |
| Bank Name: | Capital One Bank |
| Bank Address: | 537 Market Street, Newark NJ 07105 |

Please apply any and all charges to Collateral Account Number **144944**. Should you require anything in furtherance of our request, please do not hesitate to contact me.

Best Regards,

IDA LAZARA RUBIN, ESQUIRE
*Attorney for the Plaintiff*

EXHIBIT C

PUYA NILI, ESQ.
(NJID #00506-2009)
RELIABLE COLLECTIONS
155 PASSAIC AVENUE, SUITE 120
FAIRFIELD, NJ 07004
Phone:  (973) 782-5221
**Attorney for the Plaintiff**

AARON BAIL BONDS

| | | | |
|---|---|---|---|
| **Plaintiff** | ) | SPECIAL CIVIL PART |
| vs | ) | LAW DIVISION |
| | ) | COUNTY OF ESSEX |
| | ) | |
| **Marisol Reyes, et al.,** | ) | DOCKET NO. DC-016792-17 |
| | ) | |
| **Defendant** | ) | |

### CERTIFICATION IN SUPPORT OF MOTION
### TO TURN OVER FUNDS & PROOF OF SERVICE

I, Puya Nili, Esquire, Attorney for the Plaintiff/Judgment-Creditor, being duly licensed to practice law before the Courts of New Jersey, hereby certify the following:

1. Judgment was entered on April 9, 2018 for $808.60 inclusive of court costs and attorney fees.

2. Thereafter an execution was issued to a Special Civil Part Court Officer of Essex County.

3. The Special Civil Court Officer levied on funds belonging to the Judgment-Debtor on deposit at Bank of America in the amount of $958.76.

4. On June 5th, 2019, the levy was made on Bank of America.

5. A copy of Plaintiff's motion was filed through eCourts with the Essex County Superior Court on January 21, 2020. I sent this Motion to Turn-Over Funds via certified letter, signature required to **Marisol Reyes** and Bank of America.

6. The Motion was sent by certified mail to Defendant, **Marisol Reyes** (USPS tracking number 7018 1830 0000 9698 7764) and to Bank of America (USPS tracking number 7018 1830 0000 9698 7771).  Copies also were provided to them by regular mail.

7. The mailings were sent from the post office in Fairfield, New Jersey 07004.

8. The address for the Defendant (Judgment-Debtor) is his/her last known address.

I certify that the foregoing statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment.

01/21/2020

Puya Nili

Dated: _____

_____

PUYA NILI, ESQ.
**Attorney for Plaintiff / Judgment -
Creditor**

EXHIBIT D

PUYA NILI, ESQ.
(NJID #00506-2009)
RELIABLE COLLECTIONS
155 Passaic Avenue, Suite 120
Fairfield, NJ 07004
Phone:  (973) 782-5221
**Attorney for the Plaintiff**

# FILED

*12:07 pm, Feb 14, 2020*

AARON BAIL BONDS

|                         |     |                          |
|-------------------------|-----|--------------------------|
| Plaintiff,              | )   | SPECIAL CIVIL PART       |
| vs.                     | )   | LAW DIVISION             |
|                         | )   |                          |
|                         | )   | COUNTY OF ESSEX          |
| Marisol Reyes, et al.,  | )   | DOCKET NO. DC-016792-17  |
|                         | )   |                          |
| Defendant(s),           | )   |                          |

## ORDER FOR TURN-OVER OF FUNDS

This matter having been brought by the Plaintiff (Judgment-Creditor), upon a Notice of Motion to Turn-Over Funds on deposit from the account of Marisol Reyes (Judgment-Debtor) with Bank of America, in the amount of $958.76, to be paid to Jacquelyn Sweetwood, Court Officer, P.O. Box 11315, Fairfield, NJ 07004, the Essex County Special Civil Part Court Officer, and said application having been deemed uncontested for lack of opposition with respect thereto:

IT IS, on this 14th day of February 2020 ORDERED that the sum of $958.76 held by Bank of America which has been levied upon by Court Officer Sweetwood, be forthwith turned over to said Court Officer to satisfy the Judgment of the Plaintiff herein.

IT IS FURTHER ORDERED that a copy of this Order be served by the moving party upon the Defendant within 7 days of this Order.

HON. BAHIR KAMIL, J.S.C.